UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED CENTOFANTI,<br><br>    Plaintiff,<br>v.<br><br>THE STATE OF NEVADA EX REL THE NDOC, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-00024-RFB-NJK<br><br>ORDER |

On July 28, 2021, the Court issued a screening order pursuant to 28 U.S.C. § 1915A. (ECF No. 8.) The screening order dismissed Plaintiff's complaint without prejudice and with leave to amend because the complaint did not include any specific allegations about any of the Defendants. (*Id.*) Plaintiff has now filed a motion for seeking "limited discovery" and clarification regarding the screening order. (ECF No. 10.)

In his motion, Plaintiff states that in order to file an amended complaint with names of individual Defendants, he needs access to various documents, such as medical kites and medical records, but that he is given limited access to his medical records. (*Id.* at 2-3.) Plaintiff's motion for discovery is denied without prejudice. Plaintiff should first attempt to utilize any available prison procedures to review his medical file to determine the names of any Defendants. If he still lacks the Defendants' names after using available prison procedures, he must file a properly supported and complete motion under Federal Rule of Civil Procedure 45 for the Court to issue a Rule 45 subpoena duces tecum.[1]

In his motion, Plaintiff also asks whether he would qualify to proceed *in forma pauperis* in regard to service of the amended complaint or other fees, and whether the Court would defer the filing fee until after mediation. (ECF No. 10 at 3.) The Court will

---

[1] If Plaintiff takes this route, he must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and that motion must clearly identify the documents that would have the information Plaintiff is seeking and also explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Plaintiff is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

defer a decision on Plaintiff's application to proceed *in forma pauperis* until after mediation. Based on Plaintiff's previously filed application, it appears that he will not qualify to proceed *in forma pauperis* for any costs or fees.

Plaintiff also notes that the Court dismissed the NDOC utilization committee or panel in its screening order because it is a state agency, not a person subject to suit. (*Id.*) But Plaintiff's states that his intent was to sue the individual members of the committee, not to sue the entity as a whole. (*Id.*) The screening order only dismissed the entity as a whole. To the extent that Plaintiff wishes to sue individual members of the committee in an amended complaint, he is free to do so.

Plaintiff also states that he wishes to allege additional facts related to the allegations in the complaint that have taken place since he filed the complaint on January 5, 2021. (*Id.*) To the extent that these new allegations are related to the claims in the complaint, Plaintiff may include them in an amended complaint. However, Plaintiff should not use the amended complaint to add new claims that are unrelated to the claims in the original complaint.

Plaintiff also seeks clarification on the deadline for him to file an amended complaint. In light of this order, the Court will extend the deadline for Plaintiff to file an amended complaint until February 4, 2022.

I.  **CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motion for discovery is denied without prejudice.

It is further ordered that the deadline for Plaintiff to file his amended complaint is extended to February 4, 2022.

DATED THIS 14th day of October 2021.

_____
RICHARD F. BOULWARE, II
United States District Court

2