# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALFRED CENTOFANTI,

    Plaintiff,

v.

THE STATE OF NEVADA EX REL THE NDOC, et al.,

    Defendants.

Case No. 2:21-cv-00024-RFB-NJK

**ORDER**

[Docket Nos. 41, 43]

Pending before the Court are Plaintiff's motions for prediscovery access to documents and other relief. Docket Nos. 41, 43. Plaintiff seeks prediscovery access to certain documents and the ability to access and possess his medical records outside of the normal course allowed by Nevada Department of Corrections ("NDOC") regulations. Docket Nos. 41 at 2-4; 43 at 3-5. The Court is concurrently entering a scheduling order. Accordingly, Plaintiff's request for prediscovery access to documents is moot.

There are administrative mechanisms Plaintiff must use to access his medical records. NDOC regulations govern when and how an incarcerated individual may access his medical records. Specifically, NDOC Administrative Regulation ("NDOC AR") 639 sets out NDOC's policies and procedures for access to and dissemination of an inmate's medical records. An inmate may submit a written request to view his medical records. NDOC AR 639. Absent litigation involving an inmate's medical records, an inmate may only view his medical records once a year. NDOC AR 639.03(4)(A). However, an inmate is allowed additional opportunities to view his medical records during litigation involving that inmate's medical issue. NDOC AR 639.03(4)(A)(a). Indeed, when an inmate requests to view his medical records for litigation purposes, NDOC policy directs that the records be made available to the inmate within three to five working days of the request. *Id.* An NDOC inmate, however, is barred from possessing copies of his medical records on his person or in his cell. NDOC AR 639.03(1). Despite this bar on

possession, procedures exist for an inmate's medical records to be attached to legal filings. *See* NDOC AR 639.02(8).

Plaintiff submits that he should be allowed to access and possess his medical records outside of the normal course allowed by the above outlined regulations because the current system is overly burdensome and impinges on his right to litigate this case. Docket Nos. 41 at 2; 43 at 3. Plaintiff further submits that the burden imposed by AR 639 renders the regulation constitutionally suspect. Docket Nos. 41 at 4; 43 at 5. NDOC AR 639 exists to protect the safety of inmates and correctional staff and to prevent potential violations of HIPAA. *See Smith v. Nev. Dep't of Corr.*, No. 2:22-cv-00872-CDS-EJY, 2022 WL 19409334, at *1 (D. Nev. Dec. 2, 2022). Plaintiff has not explained why AR 639 is unreasonable relative to NDOC's legitimate penological interests in inmate and correctional staff safety. *See, e.g., Beard v. Banks*, 548 U.S. 521, 528-29 (2006). The Court, therefore, declines to opine on the validity of AR 639 at this time.[1]

For the reasons more fully discussed above, Plaintiff's motions for prediscovery access to documents and other relief are **DENIED**. Docket Nos. 41, 43.

IT IS SO ORDERED.

Dated: May 15, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[1] The fact that NDOC has an administrative process by which Plaintiff may access his medical records does not relieve parties or their counsel of the duty to act "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The parties are encouraged to act cooperatively and, when necessary, to help facilitate access to needed discovery.