1
2
3          **UNITED STATES DISTRICT COURT**
4            **DISTRICT OF NEVADA**
5

6   ALFRED CENTOFANTI,                          Case No. 2:21-cv-00024-RFB-NJK
            Plaintiff(s),
7                                                      **Order**
    v.
8                                                [Docket Nos 77, 82]
    THE STATE OF NEVADA EX REL THE
9   NDOC, et al.,
10          Defendant(s).

11          Pending before the Court is Plaintiff's motion to compel discovery.  Docket No. 77.[1]

12   Defendants filed a response in opposition and countermotion to stay discovery.  Docket Nos. 81,

13   82.  Plaintiff filed a reply to the motion to compel, Docket No. 83, and a response to Defendants'

14   countermotion.  Docket No. 84.  Defendants filed a reply to their countermotion.  Docket No. 85.

15   The motions are properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons

16   discussed below, Defendants' countermotion to stay discovery is **DENIED** without prejudice and

17   Plaintiff's motion to compel is **GRANTED**.

18   **I.     BACKGROUND**

19          Plaintiff is a prisoner in the custody of the Nevada Department of Corrections and brought

20   this suit under 42 U.S.C. § 1983 for claims related to his confinement.  *See* Docket No. 21.  On

21   August 22, 2023, the Court granted Plaintiff's request to file a second amended complaint prior to

22   Defendants' deadline to respond to the complaint.  Docket No. 80.

23          The Court entered a scheduling order following Defendants' first appearance in the case.

24   *See* Docket No. 45.  The parties were to complete discovery by August 14, 2023.  *See id.*  During

25   the discovery period, Plaintiff propounded several discovery requests on Defendants, to which

26

27          [1] "Courts in this circuit have an obligation to give a liberal construction to the filings of pro
28   se litigants, especially when they are civil rights claims by inmates."  *Blaisdell v. Frappiea*, 729
    F.3d 1237, 1241 (9th Cir. 2013).

they objected on the basis of qualified immunity.  *See* Docket No. 77 at 17-47.  The parties met and conferred on August 4, 2023, and were unable to reach an agreement as to the discovery responses.  Docket No. 77 at 11.  The Cout has extended the discovery period in an order issued concurrently herewith.

## II.  STANDARDS

The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  Discovery should proceed absent a "strong showing" to the contrary.  *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail.  *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases.  *Tradebay*, 278 F.R.D. at 602.

As to motions to compel, "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court."  *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).  When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery.  Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery generally bears the burden of showing why that discovery should not be permitted.  *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).[2]

---

[2] "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (N.D. Cal. 1997); *see also, e.g.*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied"); *V5 Technologies*, 334 F.R.D. at 309-10 ("The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted"); *F.T.C. v.*

**III.    ANALYSIS**

Plaintiff's motion seeks an order compelling Defendants' responses to discovery. Defendants' countermotion seeks an order staying discovery pending the resolution of the issue of qualified immunity.

**A.  <u>Countermotion to Stay Discovery</u>**

Defendants move the Court to stay discovery until this Court resolves the issue of qualified immunity in Defendants' "anticipated" motion to dismiss.  Docket No. 82 at 1.  However, Defendants' motion is premature, as the issue of qualified immunity is not currently pending before the Court.  *See* Docket.  As Defendants conceded in their countermotion, they have yet to respond to Plaintiff's amended complaint and intend to file a motion to dismiss based on the defense of qualified immunity when the operative complaint is determined.  *See* Docket No. 82 at 2.  Because there is no dispositive motion for the Court to evaluate, the Court cannot stay discovery at this juncture.  *See Twin City Fire Insurance v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("Finally, a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.  Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues"); *see also Slocum v. Fowler*, 2018 WL 4468998, at *3 (Sept. 8, 2018 D. Nev. 2018) (granting motion to stay discovery after taking a preliminary peek at defendants' pending motions to dismiss).  Accordingly, Defendants' motion to stay discovery is **DENIED** as premature.

**B.  <u>Motion to Compel</u>**

Plaintiff moves the Court to compel Defendants' responses to discovery, which they have objected to exclusively on the basis of qualified immunity.  *See* Docket No. 77 at 17-48. Defendants oppose the motion to compel on the same basis as their motion to stay discovery— they want the Court to first resolve the issue of qualified immunity they intend to assert in their anticipated motion to dismiss.  *See* Docket No. 82 at 1.  As stated above, however, there is currently

---

*AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) ("The party resisting discovery bears the burden of showing why a discovery request should be denied" (citation and internal quotations omitted)).

no pending issue of qualified immunity before the Court. *See* Docket. Therefore, Defendants have failed to meet their burden of showing why the discovery requests should be denied. *See V5 Techs,* 334 F.R.D. at 309. Accordingly, Plaintiff's motion to compel is **GRANTED**.

**IV.    CONCLUSION**

For the reasons discussed above, Defendants' motion to stay discovery is **DENIED** as premature. Docket No. 82. Plaintiff's motion to compel Defendants' responses to discovery is **GRANTED**. Docket No. 77. Defendants must serve responses to Plaintiff's discovery requests by September 15, 2023.

IT IS SO ORDERED.

Dated: September 7, 2023

_____
Nancy J. Koppe
United States Magistrate Judge