UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALFRED CENTOFANTI, | Case No. 2:21-cv-00024-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| THE STATE OF NEVADA *ex rel the NDOC*, *et al.*, | |
| Defendants. | |

    Before the Court are Plaintiff Alfred Centofanti's Motion to Stay Case (ECF No. 96) and his Appeal (ECF No. 99) of the Order (ECF No. 98) of the Honorable Nancy J. Koppe, United States Magistrate Judge, entered on March 4, 2024, which denied Plaintiff's Motion for Appointment of Counsel (ECF No. 97).

    On February 22, 2024, Plaintiff filed a submission entitled "Plaintiff's Motion to Stay Case (Third Request) and Motion to Appoint Counsel." In this motion, Plaintiff explains that various medical and logistical limitations prevent him from being able to meaningfully litigate on his own behalf. On that basis, Plaintiff requests that the Court appoint counsel and to stay the matter until such appointed counsel could appear. As a courtesy, the Clerk of Court filed Plaintiff's motion as two identical documents listed as a Motion to Stay Case (ECF No. 96) and a Motion for Appointment of Counsel (ECF No. 97). On March 4, 2024, Judge Koppe issued an Order denying the Motion for Appointment of Counsel. ECF No. 98. On March 7, 2024, Plaintiff filed an Appeal of Judge Koppe's Order. ECF No. 99.

    As an initial matter, the Court addresses Plaintiff's combination of a Motion to Extend Stay and Motion for Appointment of Counsel into a shared filing. Twice before the Court has

warned Plaintiff that the local rules *require* that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Local rule IC 2-2(b); ECF Nos. 74, 80.

The Court now turns to Plaintiff's Appeal. In her Order, Judge Koppe explained that because "the Court stayed the case" and "Plaintiff seeks further extension of the stay[,]" the motion for appointment of counsel was denied as premature. Plaintiff timely filed an appeal saying he "believes the Magistrate overlooked or misunderstood both the Motion for a Stay and Motion to Appoint Counsel. . . . This Court is asked to look at both the Stay and Motion to Appoint Counsel . . . in conjunction with each other and not as separate unrelated requests as perhaps the magistrate has done." Plaintiff provides citations to his original motion in support of that position. Plaintiff further asserts that he has yet to receive medical treatment for the issues underlying the Court's stay (e.g., cataract surgery) and argues that the appointment of counsel is necessary to ensure timely treatment.

Magistrate judges have the authority to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Ibrahim v. United States Dep't of Homeland Sec., 835 F.3d 1048, 1058 (9th Cir. 2016) (internal quotation marks and citation omitted). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citations omitted); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (explaining that under the contrary to law standard "[t]he reviewing court may not simply substitute its judgment for that of the deciding court.").

The Court finds based upon the Plaintiff's further information that it was improper to deny the Motion to Appoint Counsel. Plaintiff requests the appointment of counsel in part

because of his medical ailments, serious logistical barriers concerning access to the material necessary for litigation, his *in forma pauperis* status, and because his case is legally complex. Civil litigants do not have a Sixth Amendment right to appointed counsel. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the "likelihood of plaintiff's success on the merits," and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Id. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. See McElyea v. Babbitt, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (*per curiam*). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

First, the Court finds that Plaintiff's prior Complaint presented a plausible claim for deliberate indifference to serious medical need. The Court finds this prior articulation of a cognizable claim for relief is sufficient to satisfy the motion for appointment of counsel's merits analysis. See Tilei v. McGuinness, 642 F. App'x 719, 722 (9th Cir. 2016) (concluding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits"). Second, the Court finds that such a claim is both factually and legally complex because of the voluminous discovery and complexity of the issues involved relating to Defendants' alleged failures to provide Plaintiff with medical treatment. See Tai Huynh v. Callison, 700 F. App'x 637, 638-39 (9th Cir. 2017). Accordingly, the Court finds that appointment of counsel is appropriate in this case and will therefore refer it to the Court's Pro Bono Project.

Plaintiff should be aware that the Court has no authority to require attorneys to represent

indigent litigants in civil cases under 28 U.S.C. § 1915(d). Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. Id. Thus, until counsel is both located and appointed, Plaintiff is reminded that he is still responsible for complying with all deadlines in his case. If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

Finally, the Court turns to Plaintiff's pending unopposed Motion for a Stay. In this motion, Plaintiff requests the Court extend the current stay from April 1, 2024, to June 1, 2024, to allow for the appointment of counsel. The Court agrees that an extension of the stay in this case is prudent. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (explaining district courts have broad discretion regarding whether to issue a stay in a case). The Court finds that Plaintiff's motion clearly makes the requisite "clear case of hardship or inequity in being required to go forward" by pointing to medical and logistical issues Plaintiff faces. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). Further, the Court finds that prejudice to the Defendants is *de minimis*. Id. at 1111 (instructing courts to consider "the possible damage which may result from the granting of a stay."). Finally, providing additional time for filing of a proper Second Amended Complaint and the potential appointment of counsel will benefit the "the orderly course of justice." Id

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Appeal (ECF No. 99) is **GRANTED**. On review, the Motion for Appointment of Counsel (ECF No. 97) is **GRANTED**. This matter is referred to the Pro Bono Program for the placement of counsel.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Case (ECF No. 96) is **GRANTED.** The stay in this matter is extended to **June 1, 2024**.

**IT IS FURTHER ORDERED** that all other pending motions (ECF Nos. 50, 51, 64, 69) are **DENIED** without prejudice. If Mr. Centofanti whishes the Court to consider any of the motions so disposed, before the termination of the stay, he will produce a separate, short filing for each of such motion he wishes the Court to Consider indicating that he wishes the Court to resolve that motion.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to provide a courtesy copy of this Order to Plaintiff by first-class U.S. postage.

**DATED:** March 29, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**